WESTERN DIST.
*Oct.* 1838.

STATE OF LA.
*vs.*
JOHNSON ET AL.
and inconsistent with the written evidence of title will be disregarded.

_____

12L 548
49 128

### STATE OF LOUISIANA *vs.* JOHNSON ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF CONCORDIA, THE JUDGE OF THE SECOND PRESIDING.

Judgment *nisi* on bail bonds, need not be signed by the judge, in order that copies be served as notices on the parties. The judge's signature is only required to final judgments.

Service of citation or notice of judgment *nisi*, made on a person *residing* at the domicil of the defendant, found in the street or elsewhere, is irregular. The return should show that copies of the process, *were left at the domicil.*

Where a judgment *nisi* is directed by law to be made final at the succeeding term, and the court fails, it may be done at the following term. The law in this respect is considered as merely directory.

On a motion to make a judgment final, the proceedings are summary, and no particular day need be assigned for trial.

WESTERN DIST.   When an act, creating an offence *is repealed*, even after judgment in the
Oct. 1838.      inferior court, the judgment must be reversed if it has not been affirmed
                before the repeal.   It is otherwise when the *remedy* only is changed by a
STATE OF LA.    new law.
     *vs.*
JOHNSON ET AL.

This is an action to render the sureties in a bail bond
liable, given for the appearance of M. Johnson, charged with
the murder of Thomas Ash.   Johnson was admitted to bail
the 5th April, 1836, for his appearance at the June term
following, of the Concordia court.   The tenor of the bond
is thus: " Know all men by these presents that we, M.
Johnson, Wm. Nevills, and John Briscoe, are held and firmly
bound unto E. D. White, governor of the state of Louisiana,
in the sum of three thousand dollars, etc., for the payment
whereof, we bind ourselves, our heirs, and assigns, severally,
unto E. D. White, governor, etc.   Given under our hands,
this 5th day of April, 1836."

" The conditions of the above obligation are such, that
whereas M. Johnson, has this day appeared before the under-
signed, a justice of the peace, and is held to bail on a charge
of an assault on Thomas Ash, on the 3d inst.   Now, if the
said Johnson does appear at the next term of the District
Court, to be held at Vidalia, on the 1st Monday of June
next, and remain until discharged by said court, and answer
to the said charge, then this obligation to be null and void,
otherwise to remain in full force and binding, etc.

Signed in presence of ⎞          M. JOHNSON,
    NICHOLSON BARNES, ⎬          W. NEVILLS,
    Justice of the Peace. ⎠       JOHN BRISCOE.

At this term an indictment for murder was found by the
grand jury.   Johnson was called and failed to make his
appearance ; and the sureties being required to produce him
also failed, whereupon a judgment *nisi* was entered against
the principal in the bond for three thousand dollars ; and
also, " against the two sureties, for the sum of fifteen hun-
dred dollars each." The court failed at the following Decem-
ber term.

At the June term, 1837, of the Concordia court, the

defendant, John Briscoe, one of the sureties, filed exceptions to the proceeding against him and his co-surety, as follows :

1. That notice of the judgment *nisi* issued prematurely, not being signed by the judge, or certified by the clerk of the court from whence it issued.

2. The service of notice is bad, as the sheriff's return makes no mention of the name of the person on whom it purports to have been served ; and service does not appear to have been made at the defendant's domicil.

3. No service would be legal unless served on him personally, or on a person appointed by the court, in conformity to the act of 1835.

This defendant further pleaded a general denial ; prescription ; and denies there has ever been a forfeiture of the bond.

These exceptions were overruled ; and also a prayer to have a day assigned for trial, that the defendants might prepare for their defence ; the district judge being of opinion that the proceeding was summary, and the party called on to show cause why judgment *nisi* should not be confirmed, was bound to make his showing instanter. The defendants excepted to the opinion of the court.

An answer was filed to the merits, and time to procure testimony being refused, judgment was made final.

The defendant's counsel moved for a new trial on the following grounds :

1. The original copy of the judgment *nisi* was not certified by the clerk, or signed by the judge.

2. There was not as many certified copies of the judgment *nisi*, and the bond served, as there are defendants ; and that no attorney, or *curator ad hoc* was appointed to represent Johnson, who was absent.

3. The bond upon which judgment is rendered, is a joint obligation, and the judgment should have been joint.

4. There was no court at the time the principal was required to appear, consequently there was no forfeiture of his bond.

5. Time to procure testimony was improperly refused.

WESTERN DIST.
Oct. 1838.

STATE OF LA.
vs.
JOHNSON ET AL.

The motion for a new trial was overruled, and the defendants appealed.

*Stacy*, late district attorney, appeared for the state.

*Dunlap*, for the defendants.

*Martin, J.*, delivered the opinion of the court.

The defendants, John Briscoe and Wm. Nevills, bail of M. Johnson, are appellants from a final judgment on their bond. They pleaded, first, that notice of the judgment *nisi* issued prematurely, not being signed by the judge of the court, or certified by the clerk according to law.

2. That it was not legally served, the sheriff having failed to name the person upon whom it was served, or that he served it at defendant's domicil.

3. No service could be legal, unless served upon him in person, or upon a person appointed by the court, in conformity to the act of 1835.

*Judgment nisi on bail bonds need not be signed by the judge, in order that copies be served as notices on the parties. The judge's signature is only required to final judgments.*

I. The judgment *nisi* did not require the signature of the judge, which is only required in final judgments. The allegation that the copy of the judgment and bond, was not certified by the clerk, is absolutely gratuitous, and unsupported by proof; for the sheriff has attested, that he *delivered* a true certified copy of the judgment, and the bond annexed.

*Service of citation or notice of judgment nisi, made on a person residing at the domicil of the defendant, found in the street or elsewhere, is irregular. The return should show that copies of the process were left at the domicil.*

II. The sheriff's return shows, that certified copies of the judgment and bond, was served personally on the defendant, Nevills, and therefore, legally; so that as to him the plea fails. The sheriff's return, also shows, that as to the defendant, Briscoe, certified copies were left with a free person, above 14 years of age, *residing* at his domicil.

The Code of Practice is silent as to the manner which notices in cases like the present, are to be served; and the act of 1835, under which these proceedings were had, is also silent in this respect. Service on a person *residing* at the domicil of a party, found in the street, or at any other place than the domicil, is, in our opinion, irregular. The return in the present case, does not show that the copies were left at the domicil of the defendant, Briscoe.

In the case of *Huntstock* vs. *His Creditors*, 10 *Louisiana Reports*, 488, the sheriff returned, that he had left the citation with the *clerk of one of the parties.* We held that this was irregular, because it did not appear that he had done so at the defendant's domicil, or counting-house.

WESTERN DIST.
Oct. 1838.

STATE OF LA.
vs.
JOHNSON ET AL.

The exception to the service on the defendant, Briscoe, is, therefore, sustained.

It becomes necessary in regard to the defendant, Nevills, to examine an assignment of error, to wit : " that the court at the June term, 1837, should not have rendered final judgment, because the judgment *nisi* was entered at the June term, 1836, twelve months before, and that the December *term*, 1836, was the *next term* of said court, as established by law ; and that the act of the legislature, approved 2d April, 1835, relative to recoveries on bail bonds, directs that the judgment *nisi* shall be made final on the *second day of the next regular term* of the court, or during the term."

Where a judgment *nisi* is directed by law to be made final at the succeeding term, and the court fails, it may be done at the following term. The law in this respect is considered as merely directory.

This assignment presents the naked question, whether the state is precluded from making proof of the service, and having the judgment *nisi* made final by the adjournment of the court, at the end of the term which followed that on which the judgment *nisi* was taken ?

The reason to decide this question in the affirmative, is, that the defendant has the right of showing why the judgment *nisi* should not be made final, and is not bound to exercise it until the state shall have proved a regular service on him ; and having failed to do so during the term, as stated in the act, the state is presumed to have abandoned the prosecution.

The reason to decide in the negative, is, that the words of the act are merely directory as to the time of making the judgment *nisi* final, and there is no prohibition against this being done at a subsequent term.

Perhaps the defendant should have shown, that as the judgment *nisi* was taken in June, 1836, and not made final until the June term, 1837, there was a session of the District Court intervening in December, 1836 ; for, if the court failed at the latter term, the June term following was regu-

WESTERN DIST.

Oct. 1838.

STATE OF LA.
vs.
JOHNSON ET AL.

larly the *next term* after that at which judgment *nisi* had been taken. The failure of a term of the court, is, perhaps, not to be presumed, but on the contrary the presumption that the proceedings of the court are regular, is equally strong.

Upon the whole, we conclude, that the judgment *nisi* was properly made final at the June term, 1837.

A bill of exception was taken to the opinion of the court, refusing to assign the cause for trial on a particular day.

*On a motion to make a judgment final, the proceedings are summary, and no particular day need be assigned for trial.*

It does not appear to us that the court erred. On a motion to make a judgment final, the proceedings are summary, but the party may obtain a continuance on any legal ground. This does not appear to have been asked in the present case.

*When an act creating an offence is repealed, even after judgment in the inferior court, the judgment must be reversed if it has not been affirmed before the repeal. It is otherwise when the remedy only is changed by a new law.*

Lastly, it was urged that the act of 1835, authorizing the proceedings on which the judgment in this case was obtained, was repealed after the judgment *nisi* was taken, but before it was made final, and that the repeal disabled the court from making it so.

It is true, that when an act creating an offence is repealed, even after judgment in the inferior court, the judgment must be reversed, if it has not been affirmed before the repeal. The reason of this is, that a legislative pardon is presumed to have been intended. It is otherwise when the remedy only is changed.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court, be annulled, avoided and reversed, so far as it relates to the defendant, Briscoe ; and that so far as it relates to the defendant, Nevills, that it be affirmed with costs.