Martin, J.
delivered the opinion of the court.
The plaintiff is appellant from a judgment discharging a rule which he had obtained in order to render the defendant liable as the bail of M. Hunt, against whom the plaintiff had obtained judgment, and caused to be [478] issued writs of fieri facias and capias ad satisfaciendum, on which the sheriff returned nulla bona and non est inventus.
The appellee’s counsel has contended that his client was released from any obligation resulting from the bail bond, by the act abolishing imprisonment for debt, approved the 28th March, 1840, and promulgated the 16th April, following. The capias was issued the 30th March, 1840, returnable the first Monday of May, following, and returned on the 13th of that month.
The judge a quo, was of opinion, that on the repeal of a law, every proceeding begun, but not perfected under it, becomes absolutely void. In this opinion we concur. We have held that if judgment be correotly given under a law which is repealed pending the appeal, this court is bound to reverse it. State v. Johnson et al. 12 La. Rep. 547 ; 13 Id. 497.
The act abolishing imprisonment for debt above referred to, repealed the arts. 729, 730 and 731, of the Code of Practice, which authorizes the issuing and consequently the execution of the capias ad satisfaciendum. The delivery of a defendant to his bail is for the sole purpose that the latter may keep him, in order that he be forthcoming after judgment shall have been obtained, if the plaintiff see fit to have him confined until judgment be satisfied, or he be otherwise discharged in due course of law. This imprisonment being now forbidden by law, there can be no object in the detention of the defendant, by the bail. Leas neminem cogit ad vana.
It is therefore ordered, adjudged and decreed, that the judgment of the commercial court be affirmed, with costs.