## No. 756.

### JOHN W. CARNES VS. THE PARISH OF RED RIVER.

A law which has for its object to change the mode of executing judgments is merely remedial, and does not impair the obligation of contracts.

The law regulating the execution of judgments which is in force at the time judgment in a particular case is rendered, must govern in that case.

APPEAL from the Seventeenth Judicial District Court, parish of Red River. *Pierson*, J.

*L. B. Watkins* and *C. E. McDonald*, for plaintiff and appellant.

*J. F. Stephens*, Parish Attorney, and *Elam & Sutherlin*, for defendant and appellee.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff was sheriff of the parish of Red River, and in that capacity had rendered services, such as keeping and maintaining prisoners while in jail, transportation of convicted felons to the penitentiary, arrest of persons charged with crime, *per diem* allowance for waiting on the court, etc. His accounts of these charges had been certified by the clerk of the court to be correct, and had also the approval of the judge. Revised Statutes, 1870, section 2776. Demand was then made on the parish treasurer for payment, which was refused, because there was no money. This suit is to enforce payment, and to compel the assessors to assess forthwith such tax as may be necessary to pay the judgment which may be rendered. The petition was filed April 30, 1877.

The defendant pleads a general denial to the moneyed demand, and

alleges the unconstitutionality and invalidity of the law, which requires a judge to order the assessment and collection of a tax for the payment of a judgment, *idem* (sections 2628-30), and also the repeal of that law.

There was judgment in favor of the plaintiff for the sum claimed, and the court refused to order the assessment and collection of a tax for its payment. The plaintiff appeals.

Those sections of the Revised Statutes of 1870 which direct a judge to order the assessment and collection of a tax to pay a judgment were repealed on the tenth of April, 1877. Acts 1877, p. 87. The repealing law does not provide that it shall go into effect from and after its passage. It takes effect therefore from its promulgation, and all laws are considered promulgated in the parish of Red River thirty days after their publication in the State gazette. Civil Code, article 6. The publication in the official journal will be presumed to have followed immediately upon the passage of the law, unless the contrary be shown. The judgment in this case was rendered on the second of June, at which time the repealing law was in force in that parish.

The appellant regards as unconstitutional this attempted deprivation of his right to have an assessment and collection of a tax ordered by a court at the same time a judgment is rendered in his favor, and for the purpose of paying that judgment, because it impairs the obligation of a contract.

The distinction has now become familiar between laws that impair the obligation of contracts and those that modify or alter the remedy for the enforcement of the obligation. A law which regulates the form of judicial proceedings is remedial in its character. If, before a final decision in such proceedings, a new law intervenes which changes the form, such law will operate upon them. The mode of executing a judgment belongs to the future, and a new law will govern it. Dean vs. Carnahan, 7 new series, 259; Cooper vs. Hodge, 17 La. 476; Frey vs. Hebenstreit, 1 Rob. 565.

That the law which empowers or directs a judge to order the assessment and collection of a tax to pay a judgment has reference to the remedy, is apparent. There was a remedy prior to the act of 1869, when for the first time this power was conferred upon the judge. That act appears in the last revisal of the statutes in the sections quoted. The act of 1877 which repeals those sections merely takes away from the judgment creditor of a parish a remedy that he never had until 1869, deprives him of a mode of enforcing his judgment, peculiar and exceptional in kind, and dependent for its continuance upon the legislative will.

The plaintiff, however, insists that the repealing law of 1877 can not affect his judicial proceeding, because his suit was instituted on April 30, and that law had no effect in that parish until in the following month.

It is the law that is in force when the remedy is about to be applied that controls. When the court rendered judgment on June 2, the power to accord the plaintiff the peculiar mode of enforcing it, which he had demanded in his petition, no longer existed.

Our law at one time permitted executory process on foreign judgments. An order of seizure and sale was taken under it, and the law was repealed before the process was completely executed. Held, that the remedy was extinct. Scott vs. Duke, 3 Annual, 253; Com. Bank vs. Markham, *idem*, 698. Therefore,

It is ordered and decreed that the judgment of the lower court is affirmed with costs.