HOOD, Judge.
Plaintiff, Cecil Musgrove, instituted this suit against the Police Jury of Calcasieu Parish for a writ of mandamus to compel the defendant to appoint Sherwood Goins, Donald Manuel and James “Cowboy” Powell as commissioners of Community Center and Playground District Number 4, of Cal-casieu Parish. After trial, judgment was rendered by the trial court in favor of plaintiff, directing the defendant to appoint the three persons hereinabove named as commissioners of that district. The defendant has appealed.
The principal issue presented on this appeal is whether the Police Jury of Calcasieu Parish, in appointing a person to fill a va- *346 caney on the Board of Commissioners of Community Center and Playground District Number 4, must appoint the person receiving the largest number of requests in a petition as provided in Section 3, Act 82 of 1948, or may the Police Jury exercise its own discretion in selecting a person to fill such vacancy, as authorized by Act 542 of 1954 (now LSA-R.S. 33:4562-33:4566) and by Article 14, Section 46, of the Louisiana Constitution.
In 1948 the Louisiana Legislature enacted a statute[1] authorizing the Police Jury of Calcasieu Parish to create “Community Center and Playground Districts” within that parish, and to appoint a five-member “Board of Commissioners” as the governing authority for each such district. The statute provides that the five commissioners at their first meeting shall determine by lot their terms of office, the act stipulating that two of the original appointees shall serve for terms of two years, two shall serve for four years and one shall serve for six years. All commissioners thereafter selected shall serve for terms of six years. The statute further provides:
“Vacancies in the Board shall be filled by the Police Jury of the Parish of Cal-casieu upon the petition of the residents of the district, the person receiving the largest number of requests to be appointed to fill the vacancy.”
In 1950 the Louisiana Constitution was amended by adding Section 39.1 to Article 14. This added section authorizes community center and playground districts in Calcasieu Parish, organized under the provisions of Act 82 of 1948, to incur debt and to issue bonds payable from ad valorem taxes for certain purposes.[2]
In 1954 the Legislature enacted a general statute authorizing the police jury of any parish, or the police juries of two or more parishes voluntarily combining for that purpose, to create “Recreation Districts” and to appoint a five-member “Board of Commissioners” to govern each such district.[3] This statute provides that the five commissioners shall be appointed initially for terms of one, two, three, four and five years, respectively, and that thereafter, at the expiration of their respective terms, they shall be appointed by the police jury for terms of five years each. The statute further provides:
“Any vacancy which otherwise occurs shall be filled by appointment of the police jury or police juries for the unexpired term.”
Also in 1954 Section 14 of Article 14 of the Louisiana Constitution was amended to authorize police juries throughout the state to create “Recreation Districts,” and the recreation districts so created are authorized to incur debt and to issue negotiable bonds for the purpose of providing recreational facilities for the district.[4]
In the same year, 1954, Section 39.1 of Article 14 of the Constitution was amended by adding a requirement that the secretary-treasurer of each community center and playground district in Calcasieu Parish shall furnish bond in the sum of $5,000.00.[5] Plaintiff contends that the significance of this amendment is that the Legislature at that time recognized that Act 82 of 1948 was *347 still in effect and was not being pre-empt-ed by Act 542 of 1954.
On October 2, 1956, the Police Jury of Calcasieu Parish adopted an ordinance, designated as Ordinance Number 892, creating “Community Center and Playground District Number 4, of Calcasieu Parish, Louisiana.” This ordinance provides that the district was created “pursuant to authority granted by Act Number 82 of 1948 and of other acts of the Legislature and of the Constitution of the State of Louisiana,” that it is “to consist of all of Ward 1 of Calcasieu Parish,” and that the domicile of said district shall be in a certain school building in Ward 1 of that parish. The resolution names the first board of commissioners, without specifying the term of each, and it provides that at their first meeting “the commissioners shall determine their terms of office by lot.”
For several years before and after Community Center and Playground District Number 4 was created, the Police Jury of Calcasieu Parish experienced some difficulty in determining who should be appointed to fill vacancies on the boards of commissioners of other similar districts in the parish. In some cases no petitions were presented and the police jury exercised its own discretion in making the appointments. In other cases petitions were presented, but some of the signatures on them were found to be forged, some of the signers were not residents of the district, and the petitions frequently included the names of very small children. Because of these difficulties, and the fact that Act 82 of 1948 did not define who were to be considered as “residents” for the signing of these petitions, the Calcasieu Parish Police Jury adopted a resolution on November 5, 1963, setting out the procedure which would be employed thereafter in filling vacancies on boards of commissioners of the community center and playground districts which were “created under the authority of Act 82, 1948.” The resolution sets out the manner in which petitions seeking to have certain persons appointed as commissioners are to be prepared and filed, and the qualifications required for signing such petitions, and it stipulates that the police jury “will base its appointments upon the petitions presented to it and will appoint the person whose petition reflects a plurality of qualified signatures.” There is nothing in this resolution which indicates whether it was or was not intended to apply to Community Center and Playground District Number 4, or whether such district was or was not created under the provisions of Act 82 of 1948.
During the fall of the year 1966, three vacancies occurred in the Board of Commissioners of Community Center and Playground District Number 4. At a meeting of the police jury held on September 24, 1966, three petitions were presented to that body, in which petitions the police jury was requested to appoint Sherwood Goins, Donald Manuel and James “Cowboy” Powell as commissioners to fill the vacancies existing on that board. One of the petitions submitted contained 41 signatures, and each of the other two petitions contained 42 signatures. With only one or two exceptions, the same persons signed all three petitions. No other petitions were submitted, and it was stipulated that all of the signers of these petitions were residents of Community Center and Playground District Number 4 of Calcasieu Parish. ■ The three persons, who were nominated for appointment by these petitions, also are residents of Ward 1 of Calcasieu Parish, and they are assessed with property having a value of $500.00, as required by Section 2, Act 82 of 1948.
The Police Jury did not make the appointments requested at the time the petitions were presented. The same petitions were again presented to the Police Jury at its regular meeting held in October, 1966, and the jury again failed to make the appointments requested. This suit was' then instituted on October 17, 1966.
The defendant, in resisting the demands of plaintiff, contends among other defenses *348 that Act 82 of 1948 has been pre-empted by Act 542 of 1954 (LSA-R.S. 33:4562-4566); that the latter act is inconsistent with the former and impliedly repeals it insofar as appointments to the boards of commissioners are concerned; and that accordingly appointments must be made by the police jury without regard to any petitions that may be presented to it.
The trial judge concluded that Community Center and Playground District Number 4 was created under the provisions of Act 82 of 1948, that the last mentioned statute was not repealed by Act 542 of 1954, and that vacancies on the board of commissioners must be filled by the police jury upon petition of the residents of the district, the jury being required to appoint the persons receiving the largest number of requests in such petitions. The judgment of the trial court was rendered and signed on November 23, 1966.
After this judgment was signed, the defendant timely filed a motion for a new trial or rehearing in which it alleged that since the trial of the case the Louisiana Constitution was amended by adding Section 46 to Article 14, and that this new section provides that appointments to every board of commissioners, of every political subdivision created by a parish, is a power expressly reserved to the parochial authority which created the governmental agency. It contends that this constitutional provision, proposed by Act 546 of 1966 and adopted on November 8, 1966, supersedes that portion of Act 82 of 1948 which relates to the filling of vacancies on boards of commissioners. It is argued that this section of the constitution authorizes the Police Jury of Calcasieu Parish to exercise its own discretion in appointing commissioners to Community Center and Playground District Number 4, and that defendant thus is not obliged to appoint the persons recommended in the petitions which were submitted to it in September and in October, 1966.
Plaintiff filed a motion to strike defendant’s application for a rehearing or new trial, alleging that the motion was insufficient and immaterial because of procedural defects and because the motion failed to state that the defendant used due diligence to produce such evidence at the trial. After hearing arguments on the motion to strike and the motion for a new trial, the trial judge denied defendant’s motion for a new trial, and held that in view of that ruling the motion to strike became moot.
On this appeal defendant contends that the trial judge erred in refusing to grant a new trial, and in failing to consider and to apply the above mentioned 1966 constitutional amendment to the issues presented here. It is argued that the provisions of Section 3, of Act 82 of 1948, relating to the filling of vacancies on boards of commissioners, has been effectively repealed and superseded by Article 14, Section 46, of the Constitution, and that the trial court erred in ordering defendant to fill vacancies in a manner which is inconsistent with this constitutional provision.
We have concluded that Section 46 of Article 14 of the Constitution, as amended in 1966, effectively disposes of the issues presented here, and for that reason it is unnecessary for us to consider the other defenses raised by the defendant. Without making any determinaton of those issues, therefore, we will simply assume for the purposes of this suit that plaintiff is correct in his assertion that Community Center and Playground District Number 4 of Calcasieu Parish was created under the provisions of Act 82 of 1948, that that act was not superseded by Act 542 of 1954, and that prior to the above mentioned 1966 amendment to Article 14 of the Constitution the Police Jury was required to fill vacancies on the board qf commissioners of that district upon petition of the residents of the district.
*349 Article 14, Section 46, of the Constitution, as amended in 1966, provides in part as follows:
“A. In any case where the governing authority of any parish or municipality shall have created or established, or shall hereafter create or establish, any hoard, commission, agency, district, office, government, or any device whatever having governmental functions, power or authority, such governing authority is hereby authorized to abolish same, * * * All appointments to the Board of Commissioners of each such agency, whether presently or hereafter created shall be made by the parochial or municipal governing authority or authorities which created said agency.” (Emphasis added.)
The provision in this section of the Constitution to the effect that all appointments to the board of commissioners of each such agency shall be made by the parochial authorities which created that agency clearly means that the parochial authority, rather than some other group, individual or authority, may make the appointments. The holding of the trial court in this case that the Police Jury of Cal-casieu Parish may not select the appointees, hut must appoint the persons named in the petitions which were submitted by residents of the district, has the effect of depriving the Police Jury of the authority specifically granted to it by the above quoted constitutional provision, of vesting the right to make such appointments in a group of individuals who join in submitting a petition instead of in the Police Jury, and of reducing the appointive power of the Police Jury to a mere ministerial function.
We find no merit to plaintiff’s argument that Article 14, Section 46, of the Constitution cannot be applied here because it was not adopted until after the judgment in this case had become effective. A sus-pensive appeal was taken by defendant, and the effect or the execution of that judgment thus has been suspended since that time. LSA-C.C.P. arts. 2123 and 2252. Also, the 1966 constitutional amendment shows clearly that it is intended as remedial legislation, and is to be applied to any board, commission or district, “whether presently or hereafter created.” We think it applies to and governs the appointment of persons to fill any existing or future vacancies in the Board of Commissioners of Community Center and Playground District Number 4, and particularly that it applies to the appointment of persons to fill the three vacancies in that board which presently exist.
Plaintiff argues further that “it is probable that the purpose of the 1966 constitutional amendment was to reduce the appointive power of the Governor,” and that it should not be applied in this case because the Governor was never vested with authority to make appointments to the board of commissioners of a community center and playground district. Regardless of the probable purpose of the amendment, the language used in it is clear and specific to the effect that all appointments to the board of commissioners of each such district or agency, whether presently or hereafter created, shall be made by the parochial authority which created said agency. We think this effectively removes from the residents who sign petitions the right to select the persons who are to be appointed to fill these vacancies.
Neither is there any merit to the argument of plaintiff that a reversal of the trial court on this ground would constitute the retroactive application of the 1966 constitutional amendment. The three persons named in the petitions have not been appointed as commissioners, and the effect of the trial court judgment ordering the defendant Police Jury to appoint them has been suspended, by this appeal. The vacan- *350 cíes still exist and, according to the record, they have not been filled by appointment. Neither the plaintiff, nor any of the three persons recommended in the petitions, have acquired a vested right to have appointments made as requested in those petitions. Wé think the appointments to fill these existing vacancies should be made in accordance with the existing law, including Section 46 of Article 14 of the Constitution.
Finally, plaintiff suggests that the means by which defendant may obtain the relief which it seeks, that is the right to select persons to fill vacancies in these boards of commissioners, is through the Legislature and- not through the courts. The obvious answer to that argument is that the legislative changes which defendant desired have been provided recently by the adoption of Section 46 to Article 14 of that constitution.
Our conclusion is that in view of the provisions of Article 14, Section 46, of the Louisiana Constitution, the Police Jury of Calcasieu Parish has the right and authority to appoint members of the Board of Commissioners of Community Center and Playground District Number 4, of Calcasieu Parish, that it has the right to select and appoint qualified persons of its own choosing to fill vacancies in that board, and that it is not obliged to fill such vacancies upon petition of the residents of the district, as heretofore required by the provisions of Section 3, Act 82 of 1948.
For the reasons herein assigned, the judgment appealed from is reversed, and judgment is hereby rendered rejecting plaintiff’s demands, recalling and rescinding the alternative writ of mandamus heretofore issued by the trial court and dismissing this suit. All costs incurred in the trial court and on this appeal are assessed to plaintiff-appellee.
Reversed.
On Application for Rehearing.
En Banc. Rehearing Denied.

. Act 82 of 1948 (not included in the Revised Statutes).

. Act 82 of 1948 granted substantially the same authority to the community center and playground districts, and this 1950 amendment to the constitution confirmed that authority.

. Act 542 of 1954 (now LSA-R.S. 33:-4562-33:4566).

. This amendment was proposed by Act 740 of 1954, and was ratified on November 2, 1954.

. This amendment was proposed by Act 750 of 1954 and was ratified on November 2, 1954. Section 7, Act 82 of 1948 previously had provided that the secretary-treasurer must furnish bond in a sum equal to the amount of taxes collected by him in said district during any one year.