LEAR, Judge.
This matter involves a claim for visitation rights by paternal grandparents with their granddaughter, Laura Nicole Burch (Nicole), three and one-half years of age. The grandparents are divorced and each seeks separate visitation rights.
The facts necessary for a determination of the issues are as follows:
John C. Burch, Jr. and Beverly Jean Ebey Burch were legally separated in June, 1978. The mother was given custody of Nicole and the father was granted visitation rights on alternate week-ends from 7:00 p. m. Friday to 7:00 p. m. Sunday, plus alternate major holidays and one week during the Christmas holidays. He was also allowed to have the child two weeks each summer and on Father’s Day. On or about August 3, 1978, the father was killed in an automobile accident. On August 30, the paternal grandparents filed suit for visitation rights, “the same as what the father was awarded” in the separation suit.
On November 8, 1978, the court awarded visitation rights of one week-end each month, plus two weeks during the summer, to each grandparent. This judgment was appealed to this court and affirmed on May 29, 1979. Burch v. Burch, La.App. 1st Cir., No. 12,569.
Thereafter, on August 6, 1979, Beverly Jean Ebey Burch married Joseph Paul Lou-que, Jr., who adopted Nicole.[1] Suit was then filed to modify the visitation rights of the grandparents. After a hearing on the rule to show cause why John C. Burch, Sr. and Frances Brown Burch should not be denied visitation rights, the court rendered judgment reaffirming the prior judgment awarding fixed visitation rights. Plaintiffs-appeal, alleging error by the court in the granting of visitation rights or, in the alternative, the visitation granted was excessive, amounting to divided custody.
Prior to the Acts of 1978, Number 458, Section 1, the blood parent or parents and all other blood relatives of an adopted person were divested of all legal rights with regard to the adopted person. LSA-C.C. art. 214. The 1978 act added to this codal article, "... except as provided by R.S. 9:572(B).” In pertinent part, LSA-R.S. 9:572(B) providing for visitation rights of grandparents states:
“Notwithstanding any provision of the law to the contrary contained in Art. 214 of the Louisiana Civil Code, in the event of an adoption, the natural parents of a deceased party to a marriage dissolved by death may have limited visitation rights to the minor child or children of the marriage dissolved by death; provided the natural parents of a deceased party prove that they have been unreasonably denied visitation rights and such limited visitation rights would be in the best interest of the minor child or children.” (Emphasis ours.)
The record indicates that although some problems existed concerning visitation, yet both grandparents were able to have the child at least on a monthly basis and generally more often.
We are of the opinion that the trial court erred in granting fixed visitation rights in this matter without proof that the grandparents were being unreasonably denied visitation.
*122 Until such time as the grandparents can offer proof of being unreasonably denied visitation with their grandchild, the grandparents have no cause to have the court set fixed visitation rights. For the trial court to do so constituted manifest error. See Dripps v. Dripps, 366 So.2d 544 (La.1978), wherein the court, tracking in part the language of R.S. 9:572(B) stated:
“Limited visitation rights may be granted [by the trial court] provided the natural parents of the deceased natural father of the children have been unreasonably denied visitation rights and such limited visitation rights would be in the best interest of the minor children” (Emphasis added.)
Further, the deposition of Dr. Joseph Manson, which was offered as a joint exhibit, was to the effect that although the child would benefit by being allowed to visit and keep in contact with her grandparents, he felt that she should not be out of her home two week-ends each month.
Therefore, the judgment of the trial court is reversed and judgment is rendered in favor of appellants, appellees to pay all costs.
REVERSED AND RENDERED.

. The child’s name was changed to Laura Ni-Hp I.ouque.