WATKINS, Judge.
Plaintiff, Ford Motor Credit Company (FMCC), appeals the trial court’s issuance of a preliminary injunction prohibiting the sale of certain property which plaintiff seized by way of executory process.
On or about November 24, 1986, FMCC filed an executory proceeding against defendants, Monroe Butler and Hazel Singleton Butler to effect the seizure and sale of certain property in St. Helena Parish upon which the defendants had granted a mortgage to FMCC. Pursuant to an order for executory process issued on December 1, 1986, the property was seized and scheduled to be sold at sheriffs sale on April 15, 1987.
On the morning of the sale counsel for defendants, without prior notice to FMCC, filed a petition for injunction pursuant to LSA-C.C.P. arts. 2751[1] and 2752.[2] Defendants contend that the petition for exec-utory process was defective due to a lack of authentic evidence. Specifically, defendants alleged that the act of mortgage described in the petition for executory process was not certified to be a true copy. On April 15, 1987 a temporary restraining order was issued by the trial court enjoining and prohibiting the sheriff of St. Helena Parish from proceeding with the scheduled sale and further ordering that a hearing on the application of defendants for a preliminary injunction be held on April 23, 1987. Thereafter, FMCC filed a rule to dissolve, the temporary restraining order and for damages.
After several continuances both FMCC’s rule to dissolve and the defendants’ petition for preliminary injunction were heard on June 4, 1987. The evidence produced on FMCC’s motion to dissolve included the testimony of Mike Penry, Consumer Loan Manager of Ford Motor Credit Company; a computer print out with estimated attorney’s fees; and the entire record of suit # 11763 which included FMCC’s petition for executory process, filed on November 24, 1986, the promissory note, the certified copy of the mortgage, the affidavit and verification of the attorney filing the exec- *1180 utory process, and the order of executory process signed by the court.
Mr. Penry testified that he was the person responsible for all of FMCC’s loan documents in the Baton Rouge office. He further testified as to the correctness of all of the allegations in the petition for exec-utory process as well as the amount of damages incurred by FMCC as a result of the issuance of the temporary restraining order. He stated that interest on the loan balance was accruing at a daily rate of $21.73. He further stated that he was not given any notice prior to the temporary restraining order being issued.
The defendants conducted a cross-examination of Mr. Penry and adopted his testimony in support of their motion for a preliminary injunction. Following the presentation of evidence the trial court dismissed FMCC’s rule to dissolve at mover’s cost and granted defendants’ request for a preliminary injunction. The court concluded that the copy of the act of mortgage did not substantially comply with the requirements for authentic evidence set forth in LSA-R.S. 13:4102D. FMCC appealed alleging error in the trial court’s denial of FMCC’s rule to dissolve the temporary restraining order and for damages for the granting of the defendants’ preliminary injunction.
TEMPORARY RESTRAINING ORDER
FMCC contends that the temporary restraining order was improperly issued due to the failure of defendants to comply with the provisions of LSA-C.C.P. art. 3603 which states:
A.A temporary restraining order shall be granted without notice when:
(1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and
(2) The applicant's attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim that notice should not be required.
B.The verification or the affidavit may be made by the plaintiff, or by his counsel, or by his agent.
In the present action, defendants failed to contact FMCC or its counsel to give notice of their intention to seek a temporary injunction prohibiting the sale of defendants’ property. The defendants’ petition filed on the day of the sale, well over four months from the order of executory process, states that “[sjince the Sheriff may sell the property before notice can be served and a hearing held on petitioners’ application for a preliminary injunction and immediate and irreparable injury will result to petitioners thereby, it is necessary that a temporary restraining order in the form and substance of the injunction mentioned above issue immediately.” Under the facts of this case we find the reasons stated in defendants’ petition insufficient to substantially comply with the requirements set forth in LSA-C.C.P. art. 3603 obligating the applicants’ attorney to certify to the court in writing the efforts which have been made to give notice or the reasons supporting his claim that notice should not be required.
It is stated in comment (b) of LSA-C.C.P. art. 3603, “The intent of this change is to reduce the practice of issuing ex parte restraining orders without notice of any kind, and to permit the conduct of some type of adversary proceeding before, rather than after, the issuance of injunctive relief.” The defects of which the defendants complain were apparent from the date that FMCC filed its petition for executory process. Moreover, the sale was not scheduled until four months after the order of executory process was issued. We see no reason why the defendants were unable to give notice to FMCC, nor does defendants’ petition for injunction state why they were unable to give such notice. Furthermore, the fact that the defendants waited until the day of the sale to file their petition for injunction does not justify their claim that notice should not be required.
*1181 DAMAGES AND ATTORNEY’S FEES
We now address the issue of damages and attorney’s fees for the improper issuance of the temporary restraining order. See LSA-C.C.P. art. 3608.[3] The evidence presented at trial established that FMCC incurred the following damages in connection with the improper issuance of the temporary restraining order: (1) Daily interest of $21.73 on the loan balance; (2) Reasonable costs for advertising the sale of the property, and (3) Reasonable attorney’s fees. We therefore award FMCC $21.73 per day accrued interest from April 15, 1987, the date of the temporary restraining order, to June 4,1987, the date of the issuance of the preliminary injunction, for a total of $1,086.50. We also award FMCC $75.00 as reasonable costs for advertising the property for sale, and $2,000.00 as reasonable attorney’s fees.
PRELIMINARY INJUNCTION
The trial court granted defendants’ petition for preliminary injunction on June 4, 1987 based solely on the fact that the act of mortgage attached to FMCC’s petition for executory process was not authentic evidence as required by LSA-R.S. 13:4102D. The act of mortgage which was filed with FMCC’s petition for executory process exhibited the following stamp verifying its authenticity.
[[Image here]]
It is this stamp which the trial court considered insufficient to comply with the requirements of LSA-R.S. 13:4102D. At the time of the hearing on the petition for preliminary injunction LSA-R.S. 4102D read as follows:
D. Whenever the law requires a certified copy of any document for purposes of executory process, a document filed with a certificate reading substantially as follows shall be deemed authentic: STATE OF LOUISIANA _, Louisiana PARISH OF _ _, (Date) “I,-, (Custodian of Notarial Records, Clerk of Court, Notary Public) for the Parish of_, State of Louisiana, do hereby certify that the attached documents are true and correct copies of_, dated the — day of-, 19_, consisting of pages (executed before, attached to _ executed before) _, a Notary Public of the Parish of _, State of Louisiana, the original or certified copy of which documents) is on file in' my office.
Name
Title
Address”
Thereafter the legislature by Act 855 of 1987 amended LSA-R.S. 13:4102D to read as follows:
D. (1) Whenever the law requires a certified copy of any document, including a photographic, photostatic, or miniature photographic copy or reproduction of such document, for purposes of exec-utory process, a notary public who has the original or a copy of such document on file in his office, custodian of notarial records, or clerk of court shall note on the copy of the document that it is a correct copy and may include words such as “certified copy”, “true copy”, or any other words which reasonably indicate that the copy of the document is a certified copy, and the copy so certified shall be deemed authentic evidence.
(2) A document containing a certificate reading substantially as follows shall sat *1182 isfy the requirements of (1) above and shall be deemed authentic: “STATE OF LOUISIANA _!_, Louisiana PARISH OF __ (Date) I,_, (Custodian of Notarial Records, Clerk of Court, Notary Public) for the Parish of -, State of Louisiana, do hereby certify that the attached documents are true and correct copies of_, dated the _day of_, 19_, consisting of_pages (executed before, attached to _ executed before) _, a Notary Public of the Parish of _, State of Louisiana, the original or certified copy of which documents) is on file in my office.
Name_
Title
Address”
Furthermore, Section 2 of Acts 1987, No. 855 provides that “[t]he provisions of this Act are remedial.”
FMCC contends that the 1987 amendment to LSA-R.S. 4102D is applicable to the facts in this case and should be applied by this court even though the statute was not in effect at the time of the trial court decision. We find that the 1987 amendment to LSA-R.S. 13:4102D does not change the substantive law but rather is illustrative in nature and clarifies the prior law. As such this court may use the statute in determining the meaning of the existing law. See Dripps v. Dripps, 366 So. 2d 544 (La.1978), and cases cited therein.
The law is now clear that a notation by the custodian of notarial records, or the Clerk of Court, containing any words which reasonably indicate that the copy is a certified copy, including the words “certified copy” or “true copy”, shall be deemed to be authentic for the purposes of executory process. We conclude that the above stamp, certifying the act of mortgage to be a true copy, substantially complies with the requirements for authentic evidence as set forth in LSA-R.S. 13:4102D. We therefore reverse the trial court decision granting defendants a preliminary injunction.
For the foregoing reasons the trial court's denial of FMCC's rule to dissolve the temporary restraining order and for damages is reversed and FMCC is awarded $3,161.50 in damages for its improper issuance. Furthermore, the trial court’s order issuing a preliminary injunction is also reversed. All costs to be borne by appel-lee.
REVERSED AND RENDERED.

. LSA-C.C.P. art. 2751 reads as follows:
The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the mortgage or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.
In the event injunctive relief is granted to the defendant, if die court finds the seizure in the executory proceeding to be wrongful, it may allow damages to the defendant. Attorney’s fees for the services rendered in connection with the injunction may be included as an element of the damages.

. LSA-C.C.P. art. 2752 reads as follows:
A. The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit. The injunction proceeding to arrest a seizure and sale shall be governed by the provisions of Articles 3601 through 3609, and 3612, except as provided in Article 2753.
B. If the court finds that the temporary restraining order or preliminary injunction was wrongfully issued, the court, unless the proceedings are stayed, in addition to the damages authorized under Article 3608, may allow the sheriff to proceed with the sale by virtue of the prior advertisement, if not expired.

. LSA-C.C.P. art. 3608 reads as follows:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.