673 So.2d 1317 (1996)
Stephen John PAGE, Plaintiff-Appellee,
v.
Lawana Gayle PAGE, Defendant-Appellant.
No. 96-69.
Court of Appeal of Louisiana, Third Circuit.
May 8, 1996.
*1318 Henry R. Liles, Lake Charles, for Stephen John Page.
Frank Alton Granger, Lake Charles, David Kent Savoie, Sulphur, for Lawana Gayle Page.
Before DOUCET, C.J., and THIBODEAUX and DECUIR, JJ.
DECUIR, Judge.
This is an appeal from a judgment of the trial court granting Stephen Page's Petition for Modification of Custody established in a previous consent decree between the parties.

FACTS
Stephen and Lawana Page were divorced on April 13, 1992. In the Judgment of Divorce, a consent custody award was made establishing joint custody of the party's minor children, Britni Lee Page and Mikaela Noel Page, and designating Lawana as the domiciliary parent, subject to the reasonable visitation rights of Stephen. The agreement also provided that Stephen was to pay $600 per month in child support and provide for health insurance for the children. Furthermore, the agreement provided that neither party was to have overnight romantic guests in the presence of the children.
Lawana apparently began violating this last provision of the agreement almost immediately after the judgment was entered. The evidence indicates that she lived in open concubinage with Mark Trahan until their subsequent marriage shortly before this matter came to trial. Stephen Page has also *1319 remarried, however, there are no indications that he violated the provisions of the divorce and custody decree.
On June 10, 1994, Stephen filed a Petition for Modification of Custody asking to be named domiciliary parent, subject to Lawana's reasonable visitation rights. After numerous hearings, drug screening tests, and psychological evaluations of all parties. The trial court granted Stephen's request to be named domiciliary parent, subject to specified visitation rights for Lawana and ordered Lawana to pay $216.00 in child support.
Lawana lodged this appeal alleging seven assignments of error.

DISCUSSION
At the outset, we note that the trial court is given vast discretion in custody matters because the trial court has a better capacity than the appellate court to evaluate the testimony and credibility of witnesses. Canter v. Koehring, 283 So.2d 716 (La.1973). Where a consent decree is at issue, the burden of proof is on the party moving for modification to show a material change in circumstances affecting the welfare of the children since the original decree and that the proposed change is in the best interest of the children. Hensgens v. Hensgens, 94-1200 (La.App. 3 Cir. 3/15/95); 653 So.2d 48, writ denied, 95-1488 (La. 9/22/95); 660 So.2d 478.

CHANGE IN CIRCUMSTANCES
By her first assignment, Lawana contends the trial court erred in finding that Stephen had proven a change of circumstances that would warrant a change of custody. We disagree.
Our review of the record indicates that circumstances have changed in several respects since the original decree. First, while Stephen was aware at the time of the decree that Lawana had been living in open concubinage, he was not aware that she would continue this practice despite the stipulation contained in the original decree. In attempting to excuse this behavior, Lawana points to the second major change in circumstances involving the parties. Both Stephen and Lawana have remarried. The evidence in the record is overwhelming that Lawana's marriage is not a positive factor for the children. While it remedies the open concubinage, it does nothing for the demonstrated abusive nature of the relationship between Lawana and Mark Trahan. The record is replete with descriptions of incessant arguing, foul language, drug use, and inappropriate sexual behavior in the presence of the children.
In addition, there is some evidence in the record of inappropriate sexual behavior between Mark and one of the children, possible physical and proven verbal abuse of all the children by both parties, and an unwillingness to place the children's health above personal habits such as smoking. Furthermore, Lawana tested positive for marijuana use during the proceeding leading to trial of this issue. Finally, the court ordered psychological evaluations led Dr. David Post to opine that even considering the importance of a stable environment, it would be in the best interests of the children to live with Stephen.
Accordingly, we find no error in the trial court's determination that Stephen proved a change in circumstances sufficient to warrant a change in domiciliary parent.

RELIANCE ON PSYCHOLOGIST'S TESTIMONY
In her second assignment of error, Lawana alleges the trial court erred by relying on the testimony of court appointed psychologist, Dr. Post. We disagree.
Louisiana Code of Evidence art. 702 provides that if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. Clearly, it was within the province of the court to seek the opinion of it's expert, Dr. Post.
Lawana argues that the reasons given by Dr. Post were not sufficient to warrant a change in custody. That argument is irrelevant, Dr. Post is not required to provide all *1320 the evidence to support a change in custody. Dr. Post's testimony was merely one factor to be considered by the trial court in reaching a decision. As we have indicated previously, the record reveals ample evidence to support the trial court's finding. This assignment lacks merit.

DRUG USE
Lawana argues that the evidence was insufficient to support a finding of present drug use and that prior drug use is not sufficient to warrant a change in custody. We disagree.
Lawana Page Trahan tested positive for marijuana usage in a pretrial drug test. No amount of legal argument can change this fact, nor will retesting of degraded urine samples. Lawana admitted prior drug use and her testimony was supported by third parties. We need not determine whether this alone is enough to warrant a change in custody, as we have indicated there is ample evidence to support the trial judge's finding that living with Lawana was detrimental to the children.

LAWANA'S HISTORY
Lawana argues that it was improper for the trial court to consider her previous depression in making a custody determination. We decline to discuss this issue as there is ample evidence in the record to support the trial court's judgment without reference to this information.

ENVIRONMENT PROVIDED FOR CHILDREN
By this assignment, Lawana contends that the evidence was insufficient to show that she provided an unhealthy, unsafe, immoral, unstable, or improper environment for the children. We disagree.
The evidence showed that Lawana jeopardized the health of the children by smoking in their presence despite knowledge of the adverse effect on their allergies and by failing to provide proper hygiene for the children resulting in genital rashes and head lice. The evidence showed that Lawana placed the children in a moral environment that consisted of open concubinage, illegal drug use, foul language, and possible sexual abuse. The instability of the environment is demonstrated by incessant arguing between Lawana and Mark, a parade of various live-in house guests, and mood swings by both Lawana and Mark. While none of these factors alone might be sufficient, the cumulative effect of all the evidence supports the trial court's findings.
Accordingly, this assignment lacks merit.

VISITATION PLAN
Lawana next alleges that the trial court erred by failing to provide a visitation plan that would ensure close and continuing contact as close to equal to the domiciliary parent as is feasible and in the best interest of the children pursuant to La.R.S. 9:335. We disagree.
Joint custody does not mandate a 50-50 sharing of physical custody. Stanley v. Stanley, 592 So.2d 862 (La.App. 3 Cir. 1991). Furthermore, a finding by a court that joint custody is warranted does not mandate equal sharing of physical custody; all that is mandated by the legislative scheme is substantial equality of time, and each case will depend on the age of the children, parental situations and other factors relevant to a child custody dispute. Boyd v. Boyd, 26,292 (La.App. 2 Cir. 12/7/94); 647 So.2d 414.
Given the factors discussed previously, we find no error in the trial court's visitation order. Accordingly, this assignment lacks merit.

CHILD SUPPORT
By her final assignment, Lawana argues that there is insufficient basis for the trial court's child support award. We disagree.
Our review of the record reveals that there is testimony as well as income tax returns to establish the income of the parties. Our review of these materials in conjunction with the support guidelines, indicates that the trial court used the information available to determine his award. That award is consistent *1321 with the guidelines, therefore, this assignment lacks merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to Lawana Gayle Page Trahan.
AFFIRMED.