701 So.2d 1079 (1997)
Darryl DeGEORGE, Jr.
v.
April Lynn GILLEY.
No. 97-CA-387.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 1997.
*1080 Elise Marie Beauchamp, Beauchamp & Noya, New Orleans, for Defendant/Appellant.
Maria M. Chaisson, Chaisson & Chaisson, Destrehan, for Plaintiff/Appellee.
Before GAUDIN, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, April Lynn Gilley, appeals a judgment of the trial court awarding joint custody and setting visitation of Ms. Gilley's three-year-old son, Cole Joseph DeGeorge.[1] For reasons that follow, we amend the visitation schedule and affirm.
The record shows that April Gilley and Darryl DeGeorge, Jr. lived together in St. Charles Parish. Although the couple never married, they did have one child, Cole Joseph DeGeorge, who was born on October 25, 1994. The three continued to live together as a family until Ms. Gilley left the home *1081 with Cole about one year later. Arrangements for the physical and financial care of the child were settled amicably between the parents without court intervention until August 8, 1996 when Mr. DeGeorge filed a Petition to "Establish Child Support, Visitation, Custody and other Relief", in which he sought "full contact visitation with the child from Friday at 5:00 p.m. until Tuesday at 10:00 a.m.". In her answer to that petition, Ms. Gilley requested sole custody allowing visitation to Mr. DeGeorge "every other weekend, from 6:00 p.m. Friday until 6:00 p.m. on Sunday evening, and on alternating holidays".
After a hearing on the petition, the trial court rendered an interim judgment on November 8, 1996, ordering the parties to engage in mediation, setting child support, and allowing Mr. DeGeorge visitation from "5:00 p.m. on Friday until 5:00 p.m. on the following Monday of each week". The court-ordered mediation was unsuccessful and the matter was re-set in the trial court.
After a full trial on the merits, the trial court rendered judgment on January 30, 1997, awarding joint custody, designating Mr. DeGeorge as the primary custodial parent, and granting Ms. Gilley visitation "every weekend from Friday evening until Sunday evening, except for the first weekend of every month". The judgment also provides for visitation on holidays and restricts Ms. Gilley's vacation time with Cole to three weeks. Ms. Gilley appeals.
At trial Mr. DeGeorge testified that during the time the couple was together, they shared the responsibility for Cole's care. After the separation, the couple had a verbal agreement that Cole would stay with his father from Thursday night until Monday. Ms. Gilley had Cole from Monday to Thursday. This plan worked out well because, although Ms. Gilley moved to Metairie, Cole could remain in the same pre-school. The parents shared Cole's expenses evenly.
According to Mr. DeGeorge's testimony, Ms. Gilley called one night and tried to change the arrangement to limit Mr. DeGeorge's time with Cole to every other weekend. Because he wanted his rights to visitation secured, Mr. DeGeorge filed this action. On the day of the first hearing, Mr. DeGeorge discovered that Ms. Gilley had married, moved to Baton Rouge, and enrolled Cole in new day care center.
After the interim judgment, the couple cooperated with each other in meeting half-way between St. Charles and Baton Rouge to facilitate Mr. DeGeorge's visitation with Cole. However, Mr. DeGeorge stated the arrangement was not working out because now that Ms. Gilley lives in Baton Rouge, Cole would have to be registered in two different day care centers, making it too difficult and expensive to continue the interim arrangement. He also testified that he has a very close relationship with Cole, and has extended family nearby. He also testified he remains in the home in which Cole has lived since birth, and has Cole enrolled the same day care center.
Mr. DeGeorge stated that he is employed as an outside salesman for a refrigeration company. Although the store hours are eight to five, his hours are flexible and he can usually leave about 2:00 or 2:30 p.m., allowing him ample time to spend with his son.
Ms. Gilley testified that she has recently married and moved to Baton Rouge to be with her husband. The couple rents a two bedroom apartment in which Cole is settled and happy. Ms. Gilley is an Estee Lauder salesperson at a Baton Rouge mall and normally works from 9:15 a.m. to 5:00 p.m., although she occasionally works late. She testified that Cole has bonded with her husband, Paul Mohon, whom Cole calls "Daddy Paul". Mr. Mohon picks Cole up at the day care center when Ms. Gilley works late and cares for him until she gets home. Mr. Mohon has extended family around the Baton Rouge area with whom Cole has also bonded.
She recognized the need for the continuation of the close relationship between Cole and his father and requested that Mr. De George be granted visitation every weekend. However, she explained that she wanted primary custody because she has placed Cole in a learning center in Baton Rouge which she feels is more suitable than the day care center he attended in St. Rose. She also *1082 testified that the split arrangement was no longer practical because the new day care center was a "learning center" which required attendance five days a week.
The court also heard testimony from Darnell Santapardre, Mr. DeGeorge's sister. She testified that Cole's parents evenly shared responsibility for Cole while they were living together. However, it was Mr. DeGeorge who cared for Cole more often after the separation. She testified that they all shared a close family relationship and that Cole spent every Sunday at his paternal grandparents' home with his father, aunts, uncles, and cousins.
Paul Mohon testified that he has come to love Cole as he would his own son, and enjoys a close relationship with the child. He also verified Ms. Gilley's testimony concerning the closeness of his extended family.
As previously stated, the trial court awarded joint custody naming the father as primary custodian. In conjunction with the judgment, the trial judge gave written reasons for his ruling. In those reasons the trial judge found, and we agree, that both parents are good parents who would provide adequately for the child. The court further stated:
The best interest of the child, however, will be in an environment in which he has the most exposure to one parent along with an extended family to be exposed to in his formative years. Accordingly, the Court finds that the father's living arrangement is the preferable one in the instant case.
More specifically, the father testified that his working hours are from 9:00 until 2:30 on a daily basis. He also testified that his family lives within a 2-1/2 mile radius, including cousins whose ages range from 1-1/2 to 7 years old. Since the minor child is only 2 years old, this would provide a good environment for the child.
The Court is not unmindful of the fact that the mother's husband's family in Lutcher poses a similar arrangement. However, Lutcher is approximately 40 miles from Baton Rouge and the Court finds it improbable that the contact would be nearly as frequent with the extended family (which is no "blood" family but is an extended family nevertheless). Also, the court is not unmindful that the mother has longer working hours than the father and would involve the child's being in day care for a longer period each day.
La.C.C. arts. 131 and 132 dictate that the court must award custody in accordance with the best interest of the child. If, as in this case, the parents do not agree on custody, the court must award joint custody, unless the clear and convincing evidence shows that it would be in the best interest of the child to award custody to one parent. Further, La. R.S. 9:335 provides as follows:
A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
(b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.
(3) The implementation order shall allocate the legal authority and responsibility of the parents.
B. (1) In a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.
(2) The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents.
(3) The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions *1083 made by the domiciliary parent are in the best interest of the child.
C. If a domiciliary parent is not designated in the joint custody decree and an implementation order does not provide otherwise, joint custody confers upon the parents the same rights and responsibilities as are conferred on them by the provisions of Title VII of Book I of the Civil Code.
In three assignments of error briefed to this court, Ms. Gilley argues the trial court abused its discretion in the award of custody. Specifically, she argues the trial court committed manifest error and abused its discretion;
1. in failing to grant joint physical custody of the minor child, Cole DeGeorge to April Lynn Gilley and Darryl DeGeorge and in failing to assure April Lynn Gilley of frequent and continuing contact with her child, Cole DeGeorge;
2. in preferring that Cole DeGeorge have physical contact with his father's extended family over the importance of Cole DeGeorge's physical contact with April Lynn Gilley, and;
3. in allowing Darryl DeGeorge to expand his pleadings during the course of the trial in order to seek to have physical custody of Cole DeGeorge from Monday through Friday.
Initially, we note that the trial court is given vast discretion in custody matters. Canter v. Koehring, 283 So.2d 716 (La.1973). A custody determination of the trial court is entitled to great weight, and will not be disturbed on appeal absent an abuse of that vast discretion. Hicks v. Hicks, 594 So.2d 532 (La.App. 5 Cir.1992). Ms. Gilley points out that it is the responsibility of this court to review both the law and the facts of a particular case in determining whether a trial court decision is clearly wrong or constitutes a clear abuse of discretion.
Ms. Gilley argues that the above statute mandates that a joint custody award must also award 50-50 sharing of time with the child. We disagree. La.R.S. 9:335 A(2)(a) and (b) require frequent and continuing contact with both parents, with equal sharing of physical custody, if feasible. We cite with favor Remson v. Remson, 95-1951 (La.App. 1 Cir. 4/4/96), 672 So.2d 409 at 412, in which the court stated:
LSA-R.S. 9:335 enacted by Acts 1993, No. 261, § 5, and the previous amendments to LSA-C.C. art. 131(D) as amended by Acts 1993, No. 905, § 1, represent a substantial departure from prior law. Previously, the courts consistently held that joint custody did not mean a 50-50 sharing of time. Brazan v. Brazan, 93-2369 (La. App. 1 Cir. 6/24/94), 638 So.2d 1176. However, the legislative amendments indicate a clear intent to foster an equal sharing of custody when it is feasible and in the best interests of the children. We believe that the best interest of the child remains the paramount concern in making custody determinations; however, that interest must be balanced with a parent's right to equally share the physical custody of the child where feasible. See Bynog v. Bynog, 95-173 (La.App. 3d Cir. 7/26/95), 663 So.2d 86.
(Footnotes omitted)
The best interest of the child is still the paramount consideration in child custody cases. However, we acknowledge that the new legislation dictates that interest must be balanced with a parent's right to equally share the physical custody of the child where feasible. Each case must be viewed in light of its own particular set of circumstances. Remson v. Remson, supra.
Recently, in Brown v. Brown, 96-743 (La. App. 3 Cir. 2/26/97) 692 So.2d 458, at 461, the Third Circuit disagreed with Remson, supra, stating that, "If the best interest of the child is paramount, it cannot be balanced with the parent's right to equally share custody". We find no conflict. We believe making the best interest of the child the paramount issue simply gives that concern more weight in the balancing of interests.
In the instant case, an equal sharing of time, while feasible when the parents lived near each other and the child could remain in the same day care center, is no longer feasible where the mother has moved to Baton Rouge and the parents have both testified that it is in the child's best interest to be *1084 enrolled in only one pre-school program. Given the testimony in this case, we cannot find manifest error in the trial court's decision to award physical custody to the father from Sunday evening to Friday evening. However, we find no justification for restriction on the mother's time with the child to only three weekends a month, and only three weeks during the vacation period. Consequently, we amend the judgment to allow physical custody to the mother every weekend. Further, we amend the judgment to allow the parties equal time with Cole during the summer months.
In her second assignment of error, Ms. Gilley asserts the trial court erred in giving preference to Mr. DeGeorge's family over the child's mother. We have reviewed the record and find no merit in this assignment. The trial court considered the presence of extended family in both the paternal and maternal circumstances in making his decision on the stability of the environment. We find no error in this consideration.
In the final assignment, the mother contends the father was impermissibly allowed to enlarge his pleadings at trial to request physical custody of Cole from Monday through Friday. In his original petition, the father asked for custody from Friday at 5:00 p.m. until Tuesday at 10:00 a.m. At trial, counsel for Ms. Gilley objected to the request by Mr. DeGeorge for an award of custody on week days. It is within the trial court's discretion to admit or disallow evidence subject to an objection based upon the scope of the issues and pleadings. Further, it is within the trial court's discretion to determine whether evidence is encompassed by the general issues raised in the pleadings. Brannon v. Boe, 569 So.2d 1086 (La.App. 3 Cir.1990). The matter before the court was custody and visitation. The father testified that subsequent to the filing of the petition, Ms. Gilley moved to Baton Rouge, and enrolled the child in a new learning center. Under these circumstances we find no error in the trial court's ruling.
It is apparent from the record that concern for their son has enabled these parents to cooperate with each other to facilitate visitation and to ensure that Cole remains a happy, well adjusted child. It is the hope of this court that such cooperation continues. As the child grows older, circumstances will change and the visitation schedule can be adjusted accordingly.
For the foregoing reasons, the judgment of the trial court is amended to award physical custody to the mother every weekend and to award the parents equal time during the summer. In all other respects the judgment is affirmed.
JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] The judgment also sets child support. However, that portion of the judgment was not challenged by appellant and will not be considered in this appeal.