hDECUIR, Judge.
Sheryl and Phillip R. appeal a judgment of the trial court granting temporary custody of Sheryl’s grandchildren to their paternal grandfather, Kenneth C. For the reasons that follow, we affirm.
FACTS
Karla B. and Michael C. are the parents of D.C. and M.C. Karla and Michael work for a traveling carnival. After careful consideration, they determined that their nomadic lifestyle was not in the best interest of their children. Accordingly, they contacted Michael’s father, Kenneth C., and requested that the children reside with him and that he take over responsibility for their care. Kenneth agreed and, on August 28, 2000, the children began staying with him and his long time girlfriend pending the filing of a formal transfer of custody petition.
The children also visited with their paternal grandmother and Kenneth’s ex-wife, Sheryl R. On one such visit, Sheryl, filed an emergency petition for temporary custody citing medical necessity. The petition was granted and the children began residing with Sheryl and her husband Phillip, who is of a different race. Despite requests from Kenneth, Sheryl declined to return the children.
On September 19, 2000, Kenneth filed the current petition for custody with the court. The petition included a September 15, 2000, affidavit from Karla and Michael specifying their desire for Kenneth to have custody of the children and specifically stating that they did not feel it was in the best interest of the children that Sheryl have custody.
After a trial, in which the relative morality of unwedded cohabitation and interracial marriage were debated and accusations of racial prejudice and exploitation of children for government benefits were exchanged, the trial court awarded temporary custody to Kenneth. Sheryl and Phillip lodged this appeal.
FLAW AND DISCUSSION
The La.Ch.Code art. 101 provides:
*1180 The people of Louisiana recognize the family as the most fundamental unit of human society; that preserving families is essential to a free society; that the relationship between parent and child is preeminent in establishing and maintaining the well-being of the child; that parents have the responsibility for providing the basic necessities of life as well as love and affection to their children; that parents have the paramount right to raise their children in accordance with their own values and traditions; that parents should make the decisions regarding where and with whom the child shall reside, the educational, moral, ethical, and religious training of the child, the medical, psychiatric, surgical, and preventive health care of the child, and the discipline of the child; that children owe to their parents respect,-obedience, and affection; that the role of the state in the family is limited and should only be asserted when there is a serious threat to the family, the parents, or the child; and that extraordinary procedures established by law are meant to be used only when required by necessity and then with due respect for the rights of the parents, the children, and the institution of the family.
(Emphasis added).
Within this context of parental responsibility and authority, the Childrens’ Code also provides a method whereby parents may transfer custody to a third party if they feel circumstances warrant. See La. Ch.Code art. 1514 et. seq.
This is essentially the scenario before us in this case. The only intervening factor is the unilateral action taken by Sheryl in seeking the emergency custody order. Apart from that action, Kenneth would have proceeded to court and been awarded custody as requested by the parents. Sheryl’s actions merely necessitate an additional transfer of custody that would have otherwise been unnecessary. The trial court considered the evidence presented as well as the wishes of the parents and awarded custody to Kenneth. The trial court is given wide discretion in child custody matters because the trial court has a better capacity than an appellate court to evaluate the testimony and credibility of witnesses. Page v. Page, 96-69 (La.App. 3 Cir. 5/8/96); 673 So.2d 1317. Therefore, the trial court’s determination will not be disturbed on appeal unless manifestly erroneous.
Sheryl and Phillip assign numerous errors which may be summarized in the assertion that the trial court erred in failing to properly consider the best interest of the child and awarding custody to Kenneth. They cite particular sections of La. Civ.Code art. 184 asserting that the trial court failed to give each proper weight. Our review of the record reveals that the court merely declined to give them the weight desired by Sheryl and Phillip. Neither party before the court was without flaws. More importantly, neither party alleged that Karla and Michael were unfit to make decisions for there children. The decision to place the children in Kenneth’s custody is in accord with their wishes. Should that ever change, it is revocable. La.Ch.Code arts. 1522-1523. Under these circumstances, we find no error in the trial court’s decision.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellants, Sheryl and Phillip R.
AFFIRMED.