NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-551

SHAUNN CAILLIER (MCCORVEY) HARDEN

VERSUS

DERRIEL CARLTON MCCORVEY

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 02-C-2619-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

AFFIRMED.

Gremillion, J., dissents and assigns written reasons.

Alisa Ardoin Gothreaux
617 W. Canal St.
Church Point, LA 70525
(337) 654-0935
Counsel for Plaintiff/Appellee:
Shaunn Caillier (McCorvey) Harden

Derriel C. McCorvey
Attorney at Law
P. O. Box 2473
Lafayette, La 70502
(337) 291-2431
PRO SE

**PETERS, J**.

This litigation involves the custody of a minor child born during the marriage of Shaunn Callier McCorvey (now Harden, and hereinafter referred to as Mrs. Harden) and Derriel C. McCorvey. In his appeal of the trial court's judgment increasing his visitation time with his daughter, Mr. McCorvey seeks visitation rights over and above those awarded by the trial court. For the following reasons, we affirm the trial court judgment in all respects.

## FACTUAL AND PROCEDURAL HISTORY

The litigants were previously husband and wife, but were divorced on November 12, 2002. Their marriage produced one child, Darian McCorvey, who was born on June 25, 2001. The divorce proceedings resulted in a joint custody decree naming Mrs. Harden as domiciliary custodian, and the particulars of that joint custody decree as it relates to Mr. McCorvey's visitation have been the primary focus of this lengthy litigation.[1] The original joint custody plan gave Mr. McCorvey minimal visitation privileges and provided that "[a]s the child grows and develops, the father shall be entitled to expanded visitation to the point of a physical sharing of the child as required by law."[2]

The current phase of this litigation began with a motion filed by Mr. McCorvey in September of 2008 seeking, among other relief, further expansion of his visitation rights.[3] After a November 2008 hearing, the trial court rendered the following judgment with respect to Mr. McCorvey's request for increased visitation rights:

---

[1] Issues arising between the parties have been reviewed by this court in a number of opinions, both published and unpublished.

[2] While the litigation between the parties has covered the entire spectrum of family law issues, our analysis in this opinion will remain limited to the visitation issue only.

[3] By this time, Mr. McCorvey's visitation privileges had been increased to alternate weekends and one week per month in June, July, and August.

It is Ordered, Adjudged and Decreed that the Rule of Derriel C. McCorvey for expanded visitation is denied at this time and, as a predicate for any future consideration of that demand, the parties are hereby Ordered to participate in co-parenting classes by the Counselor/Mediators the Rev. Lloyd Joiner Jr. and Dr. Kenneth Bouillon[sic] with each party to split the payment of the cost payable in advance. The co-parenting sections [sic] shall commence within seven days of the rendition of the Judgment and shall conclude at the discretion of the experts appointed by the Court. The experts may use their discretion to interview the minor child, Darian, in furtherance of the co-parenting if they deemed that necessary. At the conclusion of the co-parenting sessions, and within 10 days thereof, Dr. Kenneth Bouillin[sic] shall make a written report to the Court. At that time the Court will then further consider the advisability of expanded visitation and if warranted, will likely expand it in stages.[4]

Mr. McCorvey appealed that judgment to this court.[5]

Recognizing that the trial court had left open Mr. McCorvey's motion for increased visitation pending the results of co-parenting classes, this court, in an unpublished opinion, remanded the matter to the trial court for a ruling on the visitation issue after receipt of the ordered reports. *McCorvey v. McCorvey*, 09-434 (La.App. 3 Cir. 11/4/09), *writ denied*, 09-2526 (La. 12/9/09), 23 So.3d 901. Specifically, this court stated:

> [W] remand this matter for the trial court to consider the reports of the co-parenting instructors, as well as the current schedule of the child, who is now in third grade. The trial court is further instructed to consider the longstanding recommendations of both Dr. Bouillion and the previous trial judges involved in this matter that Derriel is entitled to a gradual increase in visitation as Darian grows older, to the point where physical custody is shared equally between the parents.

*Id.* at p. 4.

Following a January 2010 hearing, the trial court expanded Mr. McCorvey's

---

[4]Dr. Kenneth R. Bouillon is a psychologist originally retained by Mrs. Harden at the inception of the litigation in 2002.

[5]As is the case with almost all of the trial court proceedings referred to in this opinion, the matters before the trial court at the November 2008 hearing included issues not directly related to visitation issues. However, we will limit our historical analysis to only those matters directly affecting the issue now before us.

visitation by giving him an additional non-consecutive week with his daughter in the month of June and changing the existing schedule from every other Friday at 5:00 p.m. until Sunday at 5:00 p.m. to every other Friday at 5:00 p.m. until Monday morning, with Mr. McCorvey dropping Darian off at school, or until 10:00 a.m. in the event Darian does not have school. Mr. McCorvey now appeals, seeking a further increase of his visitation rights.

**OPINION**

The law is well settled that the trial court's finding with regard to custody matters is entitled to great weight on appeal as it is in a superior position to assess what the child's best interests are based on its consideration of the testimony of the parties and witnesses. *AEB v. JBE*, 99-2668 (La. 11/30/09), 752 So.2d 756; *Miller v. Miller*, 01-356 (La.App. 3 Cir. 10/31/01), 799 So.2d 753. Therefore, upon review, the findings of the trial court in custody matters are afforded great weight and the trial court's determination will not be disturbed absent a showing of abuse of discretion. *Thibodeaux, v. Thibodeaux,* 00-82 (La.App. 3 Cir. 6/1/00), 768 So.2d 85, *writ denied*, 00-2001 (La. 7/26/00), 766 So.2d 1262. Louisiana Revised Statutes 9:335A(2)(a) directs that in joint custody plans "each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents." Equal sharing of time may be warranted if it is in the best interest of the child. *See* La.R.S. 9:335A(2)(b) and *Brown v. Brown*, 96-743 (La.App. 3 Cir. 02/26/97), 692 So.2d 458.

At the January 2010 hearing the trial court took judicial notice of a letter to the trial court dated June 8, 2009, in which Dr. Bouillon stated:

> After the second co-parenting session in which the parents agreed to gradually begin extending the child's visitation with the father the

3

mother changed her mind after further consultation with her attorney. The next two co-parenting sessions proceeded in a positive manner with good agreements. The parents continue to communicate well with each other and have obviously made some progress in resolving conflictual matters.

I would therefore recommend that the court consider approving an extension of the father's visits to immediately include an additional one week of each of the summer months in addition to the father's current visitation and that beginning with the next school year this coming August that the father immediately be given visitation on alternate weekends from Friday after school until Monday morning before school as well as Thursday night overnight in the off week as well. I would recommend that this examiner meet in co-parenting sessions in the fall of this upcoming year to ensure that Darian's daily routine is proceeding in a smooth manner. I do feel that the extension of this visitation is clearly in Darian's best interest and I feel certain that she will adjust to this in a positive manner as well.

Thus, the trial court judgment did not award Mr. McCorvey all of the increased visitation time that Dr. Bouillon recommended. Mr. McCorvey asserts in his appeal that he should be awarded the extra two weeks in the summer and the Thursday night visitation as recommended by Dr. Bouillon.

While acknowledging progress in the four co-parenting classes with Dr. Bouillon, Mrs. Harden questioned the Thursday overnight visitation based on her concern that it would be disruptive. She expressed concerns that the extra time would not be in Darian's best interests given her demanding school curriculum and Mr. McCorvey's lack of involvement with Darian's school. On the other hand, Mr. McCorvey testified he is fully prepared to assist Darian with her challenging homework.[6]

The trial court, in making its decision to grant Mr. McCorvey less than Dr. Bouillon's recommended increased visitation, attempted to draw the distinction

---

[6]The parties testified to other pending issues, but these were not of such a nature as to have a significant bearing on the trial court's decision.

4

between its obligation to assess the credibility and character of the parties in the litigation and our obligation to consider its discretion in making a custody/visitation decision, by stating that those not present in the trial courtroom are not in a position "to see the countenance of the individuals" and "to see, the heat rise or not." In other words, the trial court is in the best position to make such credibility and character decisions. We agree with that analysis. In making the decision not to implement all of Dr. Bouillon's recommendations, the trial court stated that "[w]hen I said incremental, and I said gradual, I meant incremental and gradual. When I see that you come to a point where there's no heat rising, then we'll talk about things."

Considering the record before us, and given the great discretion vested in the trial court, we find no abuse of discretion in the judgment before us.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment in all respects. We assess all costs of this appeal to Derriel C. McCorvey.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

5

10-551

SHAUNN CAILLIER (MCCORVEY) HARDEN

VERSUS

DERRIEL CARLTON MCCORVEY

**GREMILLION, Judge, dissents and assigns written reasons.**

Having reviewed the extensive documentary and testimonial evidence I find the trial court abused its discretion in awarding what amounts to an eight-hour increase in visitation per month during the school year. The trial court provided no no justification other than the "rising heat" for such a meaningless increase in visitation time. Moreover, it does not comport with the "frequent and continuing contact" required of La.R.S 9:335A(2)(a).

Both parties testified that for the past several years they have worked hard to put aside their differences and to do what is best for their daughter. Although Shaunn is very concerned with her daughter's education and the homework "process" she has instituted with Darian, I find that Derriel, an attorney, is more than qualified to assist his daughter with her fourth-grade homework twice a month. Additionally, Dr. Bouillion, who has worked with the family since the inception of the litigation, agreed that it was in Darian's best interest that she be allowed to spend more time with her father.

Although an expert does not supplant the need for the trial judge, there simply is not sufficient reasoning as to why this limited increase in visitation would not benefit Darian. Moreover, Derriel's "rising heat" in the courtroom could well be justified by his frustration with this court system due to his inability to see his daughter on a frequent and continuing basis. Accordingly, I find it is in Darian's best interest to increase her contact with her father, and I would adopt the recommendations set forth in Dr. Bouillion's report.