NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-229


LAKEISHA A. DUGAS

VERSUS

ROSS M. DUGAS


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 80467
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


D. KENT SAVOIE
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**AFFIRMED.**

**Keith E. Thibodeaux**
**Attorney at Law**
**422 South Main Street**
**St. Martinville, LA 70582**
**(337) 394-3034**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Ross M. Dugas**

**Kevin E. Broussard**
**Attorney at Law**
**209 West Main Street, Suite 300**
**New Iberia, LA 70560**
**(337) 365-3800**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Lakeisha A. Dugas**

**SAVOIE, Judge.**

In this custody dispute, Ross Dugas appeals the trial court's judgment that awarded the parties joint custody of the minor child but that did not grant Ross with equal physical custody of child during the school year or give him a weekly overnight visit with the child. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married on November 13, 2010, and thereafter established a domicile in St. Martin Parish. The parties' daughter, Khori, was born of the marriage on July 16, 2011. The parties physically separated on May 16, 2013, and Lakeisha filed a petition for divorce on July 15, 2013. Ross filed an answer and reconventional demand.

On August 27, 2013, a Hearing Officer assigned to the matter issued a report recommending that the parties have joint custody of Khori, with Lakeisha as the domiciliary parent, and with Ross having physical custody every other weekend and every Wednesday from 6:00 p.m. through Thursday at 8:00 a.m. The report also provided that the parties share holidays as equitably as possible, and provided an alternating schedule for December 23 through December 25, as well as Thanksgiving and Easter day of each year, which was to be followed in the absence of an agreement. Both parties filed objections to the Hearing Officer's recommendations.

A trial was held on December 12, 2014. The trial court awarded the parties with joint custody and designated Lakeisha as the domiciliary parent. Ross was awarded physical custody of the child every other weekend from Friday at 5:00 p.m. to Monday morning during the school year, as well as one day per week from 5:30 p.m. until 7:00 p.m., provided that it did not conflict with any of the child's extracurricular activities. In addition, Ross was awarded physical custody of the child for six (6) out of the nine (9) days of both the extended Thanksgiving and Christmas breaks from school, as well as equal time during all other holidays and holiday

periods.  Ross was also awarded equal physical custody of the child during alternating weeks in the summer.

Ross appeals and states the following assignments of error:

1. The District Court erred when it failed to award onto the parties herein shared physical custody of the parties' minor child, Khori Claire Dugas, on a 50/50 basis.

2. The District Court erred in failing to award onto Mr. Ross M. Dugas weekly overnight visitation as well as weekly visitation with the parties' minor child, Khori Claire Dugas, all in accordance with the recommendations of the Honorable Hearing Officer Maggie Simar and the agreement of the parties.

## STANDARD OF REVIEW

"[A] trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion." *Hawthorne v. Hawthorne*, 96-89, p. 12 (La.App 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied*, 96-1650 (La. 10/25/96), 681 So.2d 365.

In a child custody proceeding, the trial court must consider all factors relevant to the child's best interest.  La.Civ.Code art. 134.  Further,

> [t]he court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors.  The court is not bound to give more weight to one factor over another, and when determining the best interest of the child, the factors must be weighed and balanced in view of the evidence presented.  Moreover, the factors are not exclusive, but are provided as a guide to the court, and the relative weight given to each factor is left to the discretion of the trial court.

*Thibodeaux v. O'Quain*, 09-1266, p. 5 (La.App. 3 Cir. 3/24/10), 33 So.3d 1008, 1013 (quoting *Cooper v. Cooper*, 43,244 (La.App. 2 Cir. 3/12/08), 978 So.2d 1156).

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Ross asserts that the trial court erred in not awarding the parties with equal physical custody of the child.  He notes that when joint custody is awarded, La.R.S. 9:335(2)(b) states that, "[t]o the extent it is feasible

and in the best interest of the child, physical custody of the children should be shared equally."

In its written reasons for ruling, the trial court stated the following:

> The Court heard testimony from several witnesses at the trial of this matter. . . .   It should also be noted that this Court finds that both parties love their daughter very much.  The evidence shows that Mr. Dugas now works an 8 – 5 Monday through Friday job.  It further shows that Mr. Dugas' parents have purchased a house . . . near Broussard in St. Martin Parish [,] which [Mr. Dugas] occupies and rents from his mother and father.  The house is a three or four bedroom house in a nice area on a dead end road very suitable to raising his daughter.  He now occupies this home with his fiancé who is pregnant with a child that is due this year.  Mr. Dugas testified that he and his fiancé plan to marry after the child is born.  Mr. Dugas' parents are active in Khori's life and visit as often as possible.  The grandparents live within 30 minutes of Mr. Dugas' home and have developed a good relationship with their granddaughter.   Mr. Dugas testified that he took the job with Cardiovascular Institute of the South due to better working hours in order to spend more time with his daughter.  There was some testimony that shift work was causing problems with the visitation he and Lakeisha had worked out, aside from the Hearing Officer's recommendations.

> Lakeisha Dugas lives in a home within walking distance of her parents' home and her parents' machine shop.  She too is presently living with a man in her house with her daughter.  As stated previously, she is currently working in her business and part time at the machine shop.  Her boyfriend currently works for her father in his machine shop in a supervisory position.  Khori has her own bedroom[,] and the home is certainly adequate to provide her the proper shelter and care.  Lakeisha and Khori are very close to Lakeisha's parents and their extended family.  As stated previously, Lakeisha and Khori presently reside in close proximity to Lakeisha's parents, the Bouttes, and most of the activities Khori does with Lakeisha are done in an extended family setting along with the Bouttes and other family members.

> . . . .

> The Court has considered all of these factors of Louisiana Civil Code Article 134 and finds the following to be applicable to this case.  The parties in this particular case shall have joint custody of the minor child, Khori.  However, there is a legion of cases in Louisiana that states that joint custody of the minor child does not necessarily mean equal time or "50-50" sharing of the child.  Certainly, school age children should have a stable environment and routine during the school year; Khori will begin attending school in August of 2015.  This Court finds that stability and routine can best be accomplished by one parent having custody during the school year and another parent having visitation during that period.  This Court finds that Khori has spent most of her life with her mother, Lakeisha, and to uproot the child now may be traumatic.

3

Ross argues that the trial court's findings that stability and routine could best be accomplished by having only one parent have custody during the school year, and that uprooting Khori would be traumatic since Khori had spent most of her life with her mother, were manifestly erroneous, and therefore equal physical custody should have been awarded. He argues that shared physical custody is feasible and is in the best interest of the child.

This Court discussed La.R.S. 9:335(2)(b) in *Brown v. Brown*, 96-743, pp. 3-7 (La.App. 3 Cir. 2/26/97), 692 So.2d 458, 459-461.

> [J]oint custody does not mandate fifty-fifty sharing of physical custody; all that is required is substantial equality of time depending on the age of the children, parental situations, and other factors relevant to child custody disputes. *Page v. Page*, 96-69 (La.App. 3 Cir. 5/8/96)[,] 673 So.2d 1317.
>
> . . . .
>
> [T]he legislature amended La.R.S. 9:335(A)(2)(b) in 1995 and it now reads as follows: "To the extent feasible *and in the best interest of the child*, physical custody of the children *should* be shared equally." (emphasis added). This amendment, by adding the phrase "and in the best interest of the child" and substituting "should" for "shall," strengthens the best interest of the child standard as the primary concern in custody determinations.
>
> . . . .
>
> We decline to adopt the assertion that the law mandates an equal sharing of physical custody. La.R.S. 9:335(A)(2)(b) does not put the two [the best interest of the child, and a parent's right to equally share the physical custody of the child where feasible] on equal footing. That portion of the statute reads, "[t]o the extent it is ... in the best interest of the child, physical custody of the children should be shared equally." La.R.S. 9:335(A)(2)(b). Clearly, a prerequisite for the equal sharing of physical custody is that it be in the best interest of the children.

In the instant matter, the trial court found that equal physical custody of the child during the school year was not in the child's best interest. The evidence in the record reasonably supports this finding, including evidence that Lakeisha had primarily been the parent involved in making decisions regarding the child's education, health care, and extracurricular activities. Therefore, even though equal

4

physical custody may have been feasible, as Ross suggests in his brief, this fact does not render the trial court's ruling erroneous. We find no abuse of discretion in the trial court's ruling.

**ASSIGNMENT OF ERROR NO. 2**:

In his second assignment of error, Ross takes issue with the trial court's failure to provide him with physical custody of the child one night during the school week. He argues that the Hearing Officer had recommended he have one weekly overnight visit with the child, and that he had been spending one weekly overnight visit with the child from the date of the hearing officer conference, August 27, 2013, through the trial on December 12, 2014. He also argues that the parties had agreed to a custody arrangement that included him having the child overnight once during the week, during an informal conference that took place on September 26, 2013. Therefore, according to Ross, the trial court was erroneous in failing to "continue the parties' agreement[.]"

Lakeisha notes in her brief that, during trial, the trial court stated that there was no written agreement between the parties resolving the custody issues, and that "the parties can change their mind until there is a written document or there is a stipulation in the record." She also points to Ross's testimony indicating that no agreement had been reached, but rather only a temporary arrangement pending trial.

There is no evidence in the record reflecting any agreement between the parties, and therefore the trial court was not bound by any such agreement. In fact, while the trial court did not award Ross with weekly overnight time with the child during the school year, the trial court did award Ross with more than half of the time during the extended Thanksgiving and Christmas breaks from school, as well as equal time during the summer months. Given that the child was about to begin school, and the testimony that Lakeisha was more involved with the child's education and

extracurricular activities than Ross, the custody arrangement awarded by the trial court is supported by the record.

## CONCLUSION

For the reasons above, the ruling of the trial court is affirmed.  All costs of this appeal are assessed to Appellant, Ross Dugas.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.  RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.

6